IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**VERNON AUTREY,**

        **Petitioner,**

**v.**                                          **Civil Action No.: 3:21-CV-70**

**WARDEN HUDGINS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On May 10, 2021, Petitioner, an inmate who was previously incarcerated at FCI Hazelton[1], acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of his parole date by the United States Parole Commission ("USPC" or "Parole Commission"). ECF No. 1.[2]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] According to the Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc, Petitioner is currently incarcerated at the Residential Reentry Management Raleigh, in Butner, North Carolina, with a projected release date of August 13, 2022.

[2] ECF Numbers cited herein refer to case number 3:21-CV-70 unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Petitioner's Conviction and Sentence in the District of Columbia[3]

Petitioner was charged in District of Columbia Superior Court in case number 1007-FEL-9413[4] with the following offenses which occurred on November 20, 1997: (1) assault with intent to kill while armed in Count B; (2) aggravated assault while armed in Count C; (3) possession of a firearm during a crime of violence in Count D; and (4) carrying a pistol without a license in Count E. ECF Nos. 19-5, 19-7 at 9 – 11, 22 at 6.

On June 3, 1998, Petitioner entered a guilty plea to the above charges. On July 16, 1998, Petitioner was sentenced to fifteen years to life for Counts B and C to be served concurrently with one another but consecutively to all other sentences, not less than five nor more than fifteen years of imprisonment for Count D and not less than 20 months nor more than five years for Count E. See also ECF Nos. 19-2 at 2, 19-7 at 2.

### B.     Petitioner's Parole Hearings

The United States Parole Commission held a parole hearing for Petitioner on November 7, 2017, and denied Petitioner parole on that date. ECF No. 19-7 at 13. A notice of action was prepared on January 2, 2018. Id. On October 28, 2020, Petitioner was again denied parole by the United States Parole Commission, which documented its decision on November 17, 2020. ECF Nos. Id. at 15 – 16.

### C.     Instant Petition for Habeas Corpus Under § 2241

Petitioner filed the instant petition for habeas corpus on May 10, 2021, along with

---

[3] The facts in section II.A. are taken from the District of Columbia Superior Court case search: https://eaccess.dccourts.gov/eaccess/home.page.2 Additional citations are included where available.

[4] The case number is listed on some documents as "F9413-97".

three additional pages and various exhibits, challenging his parole determination. ECF Nos. 1, 1-1 through 1-3. Petitioner asserts two claims for relief: (1) that he was improperly denied parole in November 2020 [ECF No. 1 at 5]; and (2) that he was denied 1,188 days of good time credit to which he is entitled, and accordingly, the Bureau of Prisons (BOP) is illegally detaining him [Id. at 6]. Petitioner contends that he should have been released on July 5, 2020, and requests the Court release him immediately. Id. at 8. Petitioner further asserts that he has sent seven requests to the BOP Computation Center, but received no response. Id. at 7 – 8. On September 23, 2021, Petitioner filed a supplement and exhibits to his petition, which seeks supervised release. ECF Nos. 13, 13-1 through 13-3.

Respondent filed a motion to dismiss, or in the alternative, for summary judgment, along with a memorandum in support thereof, and various attachments on October 26, 2021. ECF Nos. 19, 19-1 through 19-7. Therein, Respondent argues that Petitioner is not entitled to relief because: (1) Petitioner was retroactively awarded 1,080 days[5] of good time credit on July 6, 2020, which resulted in a parole eligibility date of March 15, 2015 [ECF No. 19 at 6 – 7]; and (2) the provisions of D.C. Act 23-286, Sec. 305, do not affect Petitioner's sentence because the Parole Commission has already conducted Petitioner's initial parole hearing, and the modification to Section 305 explicitly stated that the enhanced application would not apply to life sentences, like that imposed upon Petitioner [Id. at 7 – 9].

A Roseboro notice was issued by the Court on October 27, 2021. ECF No. 20. Petitioner filed a response and exhibits on November 3, 2021. ECF Nos. 24, 24-1 through

---

[5] Petitioner received 54 days of credit per year for 20 years of incarceration.

3

24-4. Petitioner argues in his response that he should have been granted a parole hearing and been released from BOP custody based on parole commissioner policies §§ 2.75 and 2.87.

On November 16, 2021, Respondent filed a reply which argued that: (1) Petitioner had already received 1,080 days of good time credits toward his indeterminate 20 year to life sentence; (2) Petitioner is not eligible for mandatory release because his maximum sentence is life imprisonment; and (3) Petitioner has already had two parole hearings on November 7, 2017, and October 28, 2020, and was scheduled for a third parole hearing. ECF No. 25.

Petitioner filed a supplement[6] in opposition to the motion to dismiss on January 31, 2022, along with three attachments. ECF Nos. 26, 26-1 through 26-3. The supplement asks the Court to release Petitioner to home detention on February 13, 2022. ECF No. 26 at 1.

Respondent filed a response with exhibits on February 8, 2022, which argued that Petitioner has a projected release date of August 13, 2022, and a home detention eligibility date of February 13, 2022, but the Court is without discretion to address home detention placement. ECF Nos. 27, 27-1 through 27-4.

On February 8, 2022, Petitioner filed a motion for release to home detention, and on February 11, 2022, Petitioner sent the Court a letter about his motion for home detention. ECF Nos. 28, 29.

---

[6] The Local Rules of Prisoner Litigation Procedure allow the filing of dispositive motions, and responses and replies to those motions. LR PL P 11(a) through (c). "Surreply and surrebuttal memoranda may not be filed." LR PL P 11(d). Nonetheless, because the surreply [ECF No. 26] and surrebuttal [ECF No. 27] memoranda were not previously struck from the docket, the undersigned has considered those pleadings herein.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

6

555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." Id. at 679.  Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a

genuine issue of material fact." Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit

9

Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.  ANALYSIS

Petitioner essentially argues that: (1) the Parole Commission abused its discretion when it denied him parole; and (2) the BOP has both miscalculated his sentence computation and illegally detained him following his denial of parole.  This argument appears to fundamentally misunderstand or misrepresent the actions of the Parole Commission and BOP.  The Commission has authority to grant or deny release on parole pursuant to 18 U.S.C. § 4206(a) which provides that:

> If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
>
> (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and
>
> (2) that release would not jeopardize the public welfare; subject to the provisions of subsections (b) and (c) of this section, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released.

Petitioner was granted a parole hearing on November 7, 2017, and October 28, 2020, and denied parole both times.  The Notice of Action dated January 2, 2018, found that:

> You have a Grid Score of 1 under the 1987 Board guidelines

10

>for D.C. Code offenders. The guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found warranted because the Commission finds there is a reasonable probability that you would not obey the law if released and your release would endanger the public safety. You are a more serious parole risk than shown by your Grid Score because you have significant negative institutional behavior that indicates that the Grid score does not fully represent your risk to the community. Specifically, you have sustained 24 incident reports that have resulted in guilty findings by a Disciplinary Hearing Officer. This prison misconduct includes eight separate incidents of possessing a weapon, one assault with serious injury and another assault without injury. In addition, you have incurred three incident reports for fighting and two others for threatening bodily harm. Given that your offense confining offense involved assault with the intent to kill by shooting a victim multiple times, the Commission finds that your possession of weapons, assaults on other inmates, threatening others and engaging in fights indicates that you remain a high risk to reoffend in a violent manner. Thus, a decision outside the guideline and the normal rehearing schedule is warranted.
>
>THE ABOVE DECISION IS NOT APPEALABLE.

ECF No. 19-7 at 13.  The Notice of Action dated November 17, 2020, stated that:

>You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. . . . Your Grid Score at this hearing is 1. The point score indicates that parole should be granted at this time. After consideration of all factors and information presented, at this time, a decision to deny parole despite the guideline to grant parole is warranted because you continue to deny committing the instant offense and do not accept responsibility for your actions. Also, you continue to incur disciplinary infractions. This behavior shows you cannot follow the rules of the institution which is an indicator that you will not follow the rules of society if released. More time of clear institutional conduct is necessary to show you are able to follow the rules and reduce your risk.
>
>THIS DECISION IS NOT APPEALABLE TO THE NATIONAL APPEALS BOARD.

Id. at 15. The reasoning of the Commission complies with the requirements of 18 U.S.C. § 4206(a). When the Commission makes such a decision within its discretion which comports with the regulations, the decision is not reviewable by the courts.

"[T]he parole act specifically commits the decision to grant or deny parole to the unreviewable discretion of the Parole Commission." Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981); see also United States Bd. of Parole v. Merhige, 487 F.2d 25, 29 (4th Cir. 1973) ("[I]t is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination."); Page v. Pearson, 261 F. Supp.2d 528, 530 (E.D. Va. 2003) ("Parole decisions are [ ] not subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act.") Further, the Fourth Circuit has held that:

> Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself.

Garcia, 660 F.2d at 988 (citing Ness Investment Corp. v. United States Department of Agriculture, 512 F.2d at 706, 715 (9th Cir. 1975). Following the holding of Garcia, the Commission's parole determination is only reviewable if the commission 'exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations' when reaching its determination."

In the instant case, Petitioner argues that the Commission abused its authority by denying him parole on the basis that the BOP failed to grant him good time credit for 1,188 days. ECF No. 1 at 6. However, the documents provided by Respondent

12

demonstrate that Petitioner was both entitled to, and on July 6, 2020, received 1,080 days[8] of good time credit toward his 20-year minimum term, or 54 days of credit for 20 years. ECF Nos. 19-2 at 3, 19-7 at 21. The application of 1,080 days of good time credits resulted in a parole eligibility date of March 15, 2015. ECF No. 19-2 at 3, 19-7 at 23.

The denial of parole for Petitioner was within the sound discretion of the Commission. Because the Commission followed the requirements of Garcia, by rendering a parole decision in compliance with the governing statutes and regulations, acting within its legal authority, and its actions were constitutional, the Commission did not abuse its discretion in rendering that decision. Accordingly, this Court is without the authority to engage in judicial review of the Commission's substantive decision.

Further, Petitioner's claim that the calculation of his sentence was incorrect and that he is entitled to 1,188 days of good time credit is without merit. It is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement. This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing. Id. at 333. In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives

---

[8] Petitioner is not entitled to the additional 108 days of credit he requests. Respondent provided documentation from the BOP regarding Petitioner's parole eligibility which establishes that Petitioner was arrested on December 1, 1997. ECF Nos 19-2 at 1, 19-4 at 1. Petitioner's life term commenced on July 16, 1998, the date it was imposed, but he also received 138 days of jail credit toward his sentence from time spent in custody from December 1, 1997, through March 10, 1998, and from June 8, 1998, through July 15, 1998. ECF No. 19-2 at 2 – 3, 19-7 at 9, 25.
Petitioner received credit from March 11, 1998, through June 7, 1998, toward a separate 90-day sentence imposed in D.C. Superior Court case number F 243397C (also notated as 1997 FEL 2433). ECF No. 19-7 at 11.

13

> voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the defendant was arrested; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Consistent with the provision of § 3585 which mandates a defendant shall receive credit toward the service of a term "that has not been credited against another sentence," Petitioner was not eligible to obtain credit for time served which was also credited against another sentence. Accordingly, BOP, appropriately determined the date that Petitioner started his sentence was the date he was taken into federal custody, December 1, 1997, consistent with the provisions of 18 U.S.C. §§ 3585(b). Further, pursuant to that same section, Petitioner was not credited with the ninety days he spent in custody from March 11, 1998 through July 15, 1998, because that time was credited to DC Superior Court case number 1997 FEL 2433.

Although Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and refuses to grant him 1,188 good time credit, it is clear from 18 U.S.C. §§ 3585, 3621 and 3632 and the holding of Wilson, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from Wilson and other holdings that this Court may not usurp the Bureau of Prisons' authority. Moreover, it is clear from a review of the § 3585

that Petitioner's sentence was properly calculated, and he received 1,080 days of good time credit on July 6, 2020. Thus, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

Because Petitioner fundamentally misunderstands how his sentence is calculated, and the discretion granted to the Parole Commission, it is apparent that there are no genuine issues as to any material facts presented, and Respondent is entitled to judgment as a matter of law.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that Respondent's motion to dismiss, or in the alternative, for summary judgment [ECF No. 19] be **GRANTED**, and that Petitioner's motion for release to home detention [ECF No. 28] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver**

**of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the BOP Inmate Locator search page, RRM Raleigh, Old NC 75 Highway, Butner, NC 27509, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** April 29, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE